[Civ. No. 7387. Second Appellate District, Division One.—July 25, 1932.]

PACIFIC CAPITAL, INC. (a Corporation), Respondent, v. ALLIED AMERICAN UNDERWRITERS (a Corporation) et al., Appellants.

Lasher B. Gallagher and Jack W. Hardy for Appellants.

Lawrence L. Larrabee for Respondent.

CONREY, P. J.—The defendants issued to plaintiff's assignor, Kingman Manufacturing Company, a fire insur-

ance policy on property described therein "while contained in, on or about the premises owned, leased or occupied by the assured, situate; #2000 East 52nd Street, Vernon, California". Under the heading of "exceptions" in said policy, were exceptions in which it was provided that the insurance did not cover pig iron, cast iron, and some other specified articles. While this policy was in force the building and contents were destroyed by fire, and this action followed a refusal of defendants to pay and satisfy the claim of loss. Judgment having been entered in favor of plaintiff, the defendants appeal therefrom.

The argument in support of the appeal raises only two points. These are that the court erred in failing to find on two special defenses pleaded by the defendant; and that the plaintiff is not entitled to recover in any event, because false swearing on the part of the insured voided the entire policy. The "second special defense" rests upon the terms of the policy (Rep. Trans., p. 70), which provide "that this entire policy shall be void . . . in case of any fraud or false swearing by the insured touching any matter relating to this insurance or the subject thereof, whether before or after a loss". Defendants alleged that subsequent to the fire the Kingman Manufacturing Company through its president presented to the duly authorized representative of defendants a proof of loss stating that said manufacturing company was the sole owner of all property destroyed by the fire, and for which indemnity was claimed, except the land upon which said property was situated; that said statement was false and fraudulent, etc., and was made with intent to mislead and defraud the defendants, and that the building for which indemnity was claimed was not owned by said Kingman Manufacturing Company either at the time of the execution of the policy, or at the date of the fire; and that there was no agreement between said parties, excepting from said policy the provisions thereof requiring that if the interest of the assured in property covered by said policy be other than unconditional and sole ownership, that the entire policy should be void, etc. That by reason of said false and fraudulent statement, etc., the policy of insurance is null and void, etc.

It was admitted by the plaintiff that at the time of the fire the insured was not the sole owner of all the per-

sonal property which was destroyed. In the "proof of loss" it was stated that the interest of the assured in the land on which the insured building stood was a leasehold interest. Following this in the document was the question: Interest of insured in all property other than the land? To which the answer was, "Sole Owner." It is upon this statement in the duly verified proof of loss that appellants base their contention that the policy became null and void because of false swearing. The filing of said proof of loss was preceded by an adjustment wherein an adjuster acting for the defendants determined the amount of the loss, and in accordance therewith "an adjuster's agreement" was executed between the adjuster and the claimant. From said documents it appears that the amount of loss and damage claimed in the proof of loss was copied from the adjuster's agreement, and that the indemnity provided for in the adjuster's agreement, and claimed in the proof of loss, extended only to property of which the insured was the sole owner. We are of the opinion that if the court had made findings upon the second special defense, such findings necessarily must have been in favor of the plaintiff. Therefore the omission of such findings is not a proper ground for reversal of the judgment.

The third special defense relates to that part of the indemnity claim, which included loss and destruction of certain miscellaneous articles of cast iron or of cast iron construction. It should be remembered that in the policy there was an exception from its terms of certain articles of property, among which were "pig iron, cast iron", and some other named substances. The loss accounted for in the adjuster's agreement and carried on into the judgment in this action excluded any item of crude cast iron, but did include damage to finished merchandise of cast iron construction. We are of the opinion that such fabricated articles of cast iron construction were not excluded from the protection of the policy, and that there was no merit in said third affirmative defense. We are further of the opinion that the claim of appellant based upon the alleged false statement in the proof of loss presented by plaintiff's assignor to the defendants is without merit.

The judgment is affirmed.

Houser, J., and York, J., concurred.